IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**Henry DÍAZ-RIVERA,**<br>Defendant. | CRIMINAL NO. 17-217 (FAB) |

**PLEA AND FORFEITURE AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico, Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernández-Vega, Assistant United States Attorney and Deputy Chief of the Violent Crimes Unit, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, along with Defendant, **Henry DÍAZ-RIVERA**, and his counsel, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

**1. COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One and Count Three of the Indictment. These counts allege as follows:

Count One:

On or about March 24, 2017, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Henry DÍAZ-RIVERA, did knowingly and intentionally possess with

intent to distribute a measurable amount of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance. All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

Count Three:

On or about March 24, 2017, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant, Henry DÍAZ-RIVERA, did knowingly carry and use a firearm -- to wit: a .40 caliber Glock pistol, Model 23, bearing serial number SFU345 -- during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, as charged in Count One and Count Two of the Indictment. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

2. **MAXIMUM PENALTIES**

The statutory penalties for the offense charged in Count One of the Indictment are an imprisonment term of not more than twenty years, a supervised-release term of not more than three years, and a fine of not more than ~~$250,000~~ $1,000,000. The statutory penalties for the offense charged in Count Three of the Indictment are an imprisonment term of not less than five years and not more than life, a supervised-release term of not more than five years, and a fine of not more than $250,000.

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and that the United States Sentencing Guidelines (hereinafter, the "Guidelines") have been rendered advisory by the United States Supreme Court's

decision in *United States* v. *Booker*, 543 U.S. 220 (2005). Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of $100 per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States is not bound to make any recommendations as to the imposition of fines or restitution.

### 6. RULE 11(c)(1)(B) WARNINGS




Defendant is aware that his sentence is within the sound discretion of the sentencing judge and that the Guidelines (including the Guidelines' Policy Statements, Application Notes, and Background Notes) are advisory. Furthermore, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and, thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum established for the offenses to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. *See* Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that

reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. *See* Fed. R. Crim. P. 11(c)(3)(B).

### 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:

| Sentencing Guidelines Calculation Table<br>Count One | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Base Offense Level** | Base offense level under U.S.S.G. § 2D1.1, based on a detectable amount but less than 50 grams of cocaine | | | | | | 12 |
| | Two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. | | | | | | -2 |
| **Total Offense Level** | | | | | | | 10 |
| **Sentencing Ranges for Count One (in months)** | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| | 10 | 006-012 | 008-014 | 010-016 | 015-021 | 021-027 | 024-030 |

With respect to Count Three, U.S.S.G. § 2K2.4(b) establishes that the advisory Guidelines sentence is the minimum term of imprisonment required by statute, that is, five years, pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

### 8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for Defendant.

### 9. SENTENCE RECOMMENDATION

At sentencing, the parties shall jointly recommend an imprisonment sentence of 1 year as to Count One, to be served consecutively to the imprisonment sentence imposed on Count Three. With respect to Count Three, taking into consideration that Count Two, Count Four, Count Five, and Count Six will be dismissed, the defendant may recommend an imprisonment sentence of no

less than 9 years and the United States will recommend an imprisonment sentence of 11 years. The parties agree that any recommendations by either party at sentencing for a term of imprisonment below or above the sentence recommendations set forth in this clause shall constitute a material breach of this Plea and Forfeiture Agreement.

**10.    WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the combined total imprisonment term imposed by the Court at sentencing for all counts of conviction (calculated by adding the imprisonment sentences for Count One and Count Three) is 12 years or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11.    NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by the parties. The parties agree that any request by either party for such further adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement.

**12.    SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, JAVIER A. CUYAR-OLIVO, and asserts that counsel has rendered effective legal assistance.

**13.    RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights of criminal defendants, including but not limited to the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge had agreed.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant would be able to present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. FIREARMS FORFEITURE

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in any property involved in the commission of the offense charged in Count Three (hereinafter collectively referred to as the "Property"), including but not limited to the following property: a .40 caliber Glock pistol, Model 23, bearing serial number SFU345, and a thirteen-round capacity .40 caliber ammunitions magazine containing ten (10) rounds of ammunition. Defendant acknowledges that he possessed the Property in violation of 18 U.S.C. § 924(c), as set forth in Count Three of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

### 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT



This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.



### 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and deny the existence of any term or condition not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

**19. DISMISSAL OF ALL REMAINING COUNTS**

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss all remaining Counts charged in the Indictment.

**20. VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy R. Henwood**
First Assistant U.S. Attorney
Dated: 6-19-17

_____
**Jenifer Y. Hernández-Vega**
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Unit
Dated: 6\19\2017

_____
**Juan Carlos Reyes-Ramos**
Assistant U.S. Attorney
Dated: 6\19\2017

_____
**Javier A. Cuyar-Olivo, Esq.**
Counsel for Defendant
Dated: 6-21-17

_____
**Henry Díaz-Rivera**
Defendant
Dated: 6-21.17

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Furthermore, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u> that may apply in my case. My counsel has translated this Plea and Forfeiture Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 6-21-17

Henry Díaz-Rivera
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Furthermore, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated this Plea and Forfeiture Agreement and explained it in the Spanish language to the Defendant, who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 6-21-17

Javier A. Cuyar-Olivo, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and Defendant, **Henry Díaz-Rivera**, agrees that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). If this case had gone to trial, the United States would have proven these facts beyond a reasonable doubt.

On March 24, 2017, Toa Alta municipal police (TAP) officers while conducting a roving patrol observed a black-colored Dodge, Model Nitro RT, bearing Puerto Rico license plate GZC-513, parked on the side of road 8827 in Toa Alta, Puerto Rico. Officers approached the vehicle and asked the driver, later identified as Defendant, Henry Díaz-Rivera, for license and registration. During the intervention, an officer saw in plain view the Defendant holding in his left hand a small red-colored zip lock baggie containing an aluminum foil wrapping that was later found to contain heroin. After the Defendant exited the car, Officers observed in plain view that the Defendant was in possession of a black-colored firearm. Officers then arrested the Defendant and read him his Miranda rights.



While searching the Defendant incident to the arrest, officers found in his right-front pocket a thirteen-round capacity .40 caliber ammunitions magazine containing ten (10) rounds of ammunition. In addition, officers also seized the aforementioned firearm, namely, a black-colored .40 caliber Glock pistol, Model 23, bearing serial number SFU345.

No firearms or ammunitions are manufactured in Puerto Rico. Therefore, the aforementioned firearm and ammunition were shipped or transported in interstate or foreign commerce.

Tap officers seized from the Defendant's possession 86 small plastic bags containing a detectable amount but less than 50 grams of a white-colored powdery substance that was later identified as cocaine. Officers found those cocaine-filled bags inside the aforementioned Dodge vehicle. The Defendant possessed that cocaine with intent to distribute it. Officers also seized from the Defendant's possession five cellular phones, $572 in cash, and a ledger containing names and numbers.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One and Count Three of the Indictment. This would have been proven through physical and documentary evidence, including but not limited to testimony of local and federal agents, photographs, documents, and other physical evidence.

The United States provided full and timely discovery to Defendant.

_____
Juan Carlos Reyes-Ramos
Assistant U.S. Attorney
Dated: 6/19/17

_____
Javier A. Cuyar Olivo, Esq.
Counsel for Defendant
Dated: 6-21-17

_____
Henry Díaz-Rivera
Defendant
Dated: 6-21-17