IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | * <br> * <br> * | Crim. No. 17-217 (FAB) |
| v. | * <br> * | Defendant No. 1 |
| HENRY DIAZ RIVERA<br>Defendant | * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * *

OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

TO THE HON. FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO:

**COMES NOW** Henry Diaz Rivera, represented by the undersigned counsel, and before this Honorable Court respectfully states and prays as follows:

1. The Sentencing Hearing in the instant case is set for May 3, 2018. (DE 41).

2. On April 17, 2018 the Amended Presentence Investigation Report was notified after the appearing defendant, in compliance with Local Rule 132, notified informally thru email the objections and/ or discrepancies or inaccuracies of the Presentence Investigation Report to the U.S. Probation Officer. Some objections/clarifications were informally resolved but the objections below were not resolved and are hereby respectfully submitted to the court to be part of the record.

3. The first objection by Mr. Diaz is that the PSR states at paragraph 26, page 7, that '*after a recorded interview, that Mr. Diaz voluntarily expressed that TFO agent ended the recorded interview and stopped all questioning, Díaz-Rivera spontaneously stated "In reality, I had the chip for some time and I placed it on the firearm yesterday", TFO agent advised Díaz-Rivera to not make any comments because everything he says and does will be used against him in the*

1

*court of law'*. The paragraph 26 at page 7 is objected and said statement is not accepted as true for lack of reliability taking into account the totality of the circumstances.

Furthermore, Since Mr. Diaz was been audio recorded and offered to be interviewed while audio recorded, the question should be, first, why the agent did not ask him to say it again and record it and have that detail recorded with the rest of the recorded interview? Second, why the agent would ask him not to say anything and to remain silent, if that same agent was interviewing him and even recording him as to incriminating statements, at that same moment? Third, the agent did not ask him to write it down to perpetuate it as he did with the recording? Therefore, it is respectfully objected for lack of reliability under the totality of the circumstances where the agents had and were using a functional recording machine.

*4.* The second objection is paragraph 29 at page 8, stating that *he didn't follow orders and that he resisted the arrest*. Please note that since his interview the day of the arrest (paragraph 20, page 7) he stated to the Federal agent that the municipal police officer's version was not true as to how the arrest transpired. Further, the USPO interviewed the Federal agent, who was not present at the arrest in order to state what really occurred. Therefore, it is respectfully requested that it be eliminated for lack of reliability. Further, Mr. Diaz submits that he even provided the municipal police his drivers license once they asked for it and he recognize they were officers taking into acccount it was approx 3:00am in a dark Street without conditions of ilumination.

5. The third objection is to clarify at paragraph 108, at page 23 that there was no stipulation of drugs in this case (as a matter of fact, **eight (8) grams of cocaine** was the result of the lab report). Further, with respect to the heroin, our best recollection is that no lab of heroin was conducted since it was minimum the amount.

6. The fourth objection/clarification is to paragraph 28, page 7, which state that all that evidence was seized by Federal agents. Please note the originsl arrest was by municipal officers not mentioned in the paragraph.

7. With respect to paragraph 51, it is requested that if no certified translated court documents exist, that it be eliminated. In the alternative, if the translated court documents exist, that said paragraph be acurate and corrected to eliminate the words "machine gun" and reflect the following:

   a) The count to which he plead guilty was Art. 5.04 (unlawful possesion of firearms), not Art. 5.07.

   Therefore, it has to be modified and even though the charging offense was Art. 5.07, please note that said article contemplates semi automatic rifles, and automatic firearms and automatic rifles. Therefore, it is respectfully requested that it be modified since the offense contemplate both type of firearms (auto and non-auto). The same is titled as follows: (*Article *5.07.- Possession or Illegal Use of Long, Semi-Automatic or Automatic Weapons or Cut-off Shotgun).*

8. With respect to paragraphs 57, 58 and 61 regarding prior arrests, it is requested that they be eliminated, if there are no court documents to verify said information, in English. Further, they are remote to the instant offense from years 2004-2009.

9. With respect to paragraphs 50, 55, 56 and 60 regarding prior arrests, if the court documents that certify said prior arrests are not available and, in addition, officially translated into English, they are objected.

10. With respect to paragraph 71, it is objected that the neighborhood located in Bayamon where Mr. Diaz lived is described as wealthy instead of described as middle class, with accurately describe said place, not wealthy. It is requested that the word wealthy be substituted for middle class neighborhood.

11. In light of the above, the appearing defendant respectfully requests to this Honorable Court to issue an Order to make the corresponding adjustments to the Presentence Investigation Report and eliminate the requested content from the PSR.

**WHEREFORE** it is respectfully requests to this Honorable Court to issue an Order to make the corresponding adjustments to the Presentence Investigation Report as to the objections and/or clarifications stated by Mr. Diaz-Rivera.

**RESPECTFULLY SUBMITTED.**

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the government, U.S. Attorney Rosa E. Rodriguez, and all parties involved.

In San Juan, Puerto Rico, on April 27, 2018.

S/*Javier A. Cuyar Olivo*
**Javier A. Cuyar Olivo**
**USDC-PR 225711**
P.O. Box 9021603
San Juan, Puerto Rico 00902-1603
Tel.: (787) 460-1162
Fax: (787) 977-3773
E-mail: cuyarlawoffice@gmail.com