# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **Plaintiff** | * | |
| | * | **Crim. No. 17-217 (FAB)** |
| v. | * | |
| | * | **Defendant No. 1** |
| **HENRY DIAZ RIVERA** | * | |
| **Defendant** | * | |

**SENTENCING MEMORANDUM ON BEHALF OF HENRY DIAZ RIVERA**

TO THE HON. FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO:

*The unfortunate impression given by the nature of these charges heightens the need to present to the court, in as thorough a means as possible, the true person who is to be punished.*

    **A.**    **The Defendant**

<u>Defendant's Personal Background and Characteristics</u>

1.    Mr. Henry Diaz Rivera is a 35 years old U.S. citizen who was raised in the District of Puerto Rico by his mother, Mrs. Rivera, and has been in a relationship for over nine (9) years with Mrs. Rayza Eileen Figueroa. They have one minor child, Henry Raizak Diaz Figueroa, who is six (6) years old.

2. It is hereby submitted that Mr. Henry Diaz Rivera has been living for several years, including the day of the arrest in the instant case, with the illness of addiction to controlled substances, including heroin and cocaine, among others. Mr. Diaz recognized his drug addiction illness even prior to the arrest and had been taking the first steps to address the problem.

3. The first step taken by Mr. Diaz was in 2016 actually recognizing the illness and that treatment and assistance are required to overcome it.

4. The second step taken by Mr. Diaz has been, as represented to counsel, was in 2016 approximately one year prior to the instant arrest, when he assisted to the clinic of Dr. Ricardo J. Soler Ramirez, who is a psychiatrist who specialized in medicine for addictions, who was located in Road 21, # S-3, 2nd floor (although currently counsel has not been able to reach him and not in that location anymore), where he went voluntarily and received treatment to overcome his illness of drug addiction.

5. Mr. Diaz also has the support of his common las wife, who already moved to the mainland and is awaiting to receive Mr. Diaz again in her home once he is released, since she consider that the surroundings and persons in PR affected the judgment of Mr. Diaz as well as the access to controlled substances in PR. Their plan as a family is not to return to PR.

6. Mr. Diaz has reflected about his course of life in the last 13 months under Federal custody and has been able to conclude that besides his drug addiction, his surroundings in Bayamon, PR and the persons nearby affected his judgment in many occasions in part by the negative associations.

7. It is submitted that after his arrest Mr. Diaz has continued to demonstrate a strengthening character thru this year in pretrial confinement, making good choice, staying away from trouble and opting to move forward toward a challenging future, rather than succumb to depression and hopelessness. Mr. Diaz has goals. The most important goal is to win the battle against the illness of drug addiction which he has been succesful so far since his arrest 13 months ago, on March 24, 2017.

8. Mr. Diaz wish to complete his GED at the BOP in order to enroll in English classes and to study refrigeration as well as enrolling in the drug treatment program even if no credit to reduce sentence is received.

9. The convictions require that Mr. Diaz serves a sentence and set a course that will render him a productive member of society. He has also fostered very positive and nurturing relationships. The Court is urged to take Mr. Diaz's personal attributes and circumstances into account before imposing the lowest possible sentence, including his post arrest behavior.

10. In the instant case Mr. Diaz reached a plea agreement with the government where he plead guilty to counts 1 and 3 of the Indictment with a suggested recommendation of sentence.

11. Specifically, Mr. Diaz plead guilty to an offense of Title 18 USC 924 (c) which carries a Sentencing Guideline of 60 months of imprisonment. Nonetheless, please note that in said count, taking into account the totality of the circumstances and prior record history of Mr. Diaz, the parties agreed to recommend a sentence between 108 and 132 months of imprisonment. That is, up to the more than the double of the applicable sentencing guideline of sixty (60) months.

12. With respect to count 1, Mr. Diaz plead guilty to an offense of Title 21 USC 841 where the parties jointly recommend a sentence of twelve (12) months of imprisonment, consecutively with count 1, for the eight (8) grams of cocaine seized.

13. Since it is acknowledged that Mr. Diaz has previous convictions at state level and arrests at state level, we submit that this time after Mr. Diaz is released from prison things will be different. First, he will have the full support of the U.S. Probation Office which he didn't had at state level, including but not limited to the following recommendations in the PSR of conditions during his supervised released term up to 5 years for which Mr. Diaz has no objection and, in the contrary, perceive it as an opportunity and support to reach his goals assisted by the USPO:

> a. He shall participate in transitional and reentry support services, including cognitive behavioral treatment services, under the guidance and supervision of the Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider with the approval of the Probation Officer.
> b. He shall participate in vocational training or a job placement program, as recommended by the U.S. Probation Officer.
> c. He shall remain under curfew at his residence of record from 6:00 p.m. to 6:00 a.m. for a period of six (6) months to commence upon his release from imprisonment. During this time, he shall remain in his residence, except for employment or other activities approved in advance by the probation officer. In addition to any other telephone or cellphone, Mr. Henry Díaz shall maintain a telephone at his residence without a modem, an answering machine, or a cordless feature during the term of electronic monitoring. He shall wear an electronic device 24 hours a day and shall observe the rules specified by the probation officer.
> d. He shall not use controlled substances unlawfully, and shall submit to a drug test within fifteen (15) days of release from imprisonment; after his release, Mr. Díaz shall submit to random drug testing, not less than three (3) samples during the supervision period, but not to exceed 104 samples per year, in accordance with the Drug Aftercare Program Policy of the United States Probation Office as has been approved by this Court.

As explained above, Mr. Diaz release from Federal prison will be different than his release from state prison since Mr. Diaz will have the full support and supervision of the USPO and it is hereby submitted that Mr.Diaz is a high candidate for a recidivism-free return to society once he wins his battle with his illness to drug addiction and complies with all conditions. Accordingly it is respectfully requested that a sentence of not more than 120 months be imposed as well as the term of supervised release.

14. Mr. Diaz is fully aware that the Court has authority and jurisdiction to revoke the term of supervised release and impose a term of imprisonment of up to five (5) years, for each time the conditions of supervised release are violated.

15. Therefore, since the court has the authority to impose up to 5 years of imprisonment if he fails in any of the conditions, we respectfully submit that a sentence with a term of imprisonment in this case of not more than 120 months is an appropriate sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense committed and will be sufficient and not more than necessary pursuant to USSG Section 3553(a).

## CONCLUSION

**WHEREFORE**, it is respectfully urged that the sentence imposed on defendant reflect the considerations set forth above and that, therefore, be sentenced accordingly in Counts 1 and 3 for all the reasons stated above, to a sentence sufficient but not greater than necessary, specifically of 120 months of imprisonment and a term of supervised release, to be revoked up to five (5) years if he

does not comply with any of the conditions imposed.

**RESPECTFULLY SUBMITTED.**

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the Government, U.S. Attorney Rosa E. Rodriguez-Velez, and all parties involved.

In San Juan, Puerto Rico, on April 27, 2018

*S/ Javier A. Cuyar Olivo*
**JAVIER A. CUYAR OLIVO**
**USDC-PR # 225711**
P.O. Box 9021603
San Juan, P.R.00902-1603
Tel.:(787) 460-1162
Fax: (787) 977-3773
E-mail: cuyarlawoffice@gmail.com